IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JACK WILLIAMS III, | : | |
| Plaintiff | : | |
| VS. | : | 1 : 04-CV-100 (WLS) |
| OFFICER ROBERT VON MENDENHALL, et al., | : | |
| Defendants. | : | |

## RECOMMENDATION

The above-styled 42 U.S.C. § 1983 action was filed on July 19, 2004. Since filing a March 2005 motion to continue this case until his May 2005 release date, the plaintiff has not filed any other motions, pleadings or change of address notification. Presently pending before the court are the defendants' motions to dismiss the plaintiff's complaint based on his failure to diligently prosecute this lawsuit. The undersigned issued notification orders regarding the motions to dismiss on June 13, 2005 and June 23, 2005, advising the plaintiff of the pendency of the defendants' motions to dismiss and ordering him to respond thereto within twenty (20) days. On both occasions, the notification orders were returned to the court as undeliverable, with one bearing the notation that the plaintiff had been released.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution. Moon v.

Newsome, 863 F.2d 835 (11th Cir. 1989).  The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

A review of this action reveals a clear record of delay or willful contempt on the part of the plaintiff.  The plaintiff has taken no meaningful steps to prosecute his case since filing a motion to continue in March 2005, despite being specifically advised by this court that he had a duty to diligently prosecute his lawsuit.  The plaintiff has had more than adequate time to pursue his claims against the defendants but he has failed to do so, and he has failed to keep the court apprised of his current address.   The court finds that lesser sanctions will not suffice herein.  Accordingly, it is the recommendation of the undersigned that the defendants' motions to dismiss be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 8th day of September, 2005.

       /s/ *Richard L. Hodge*
       RICHARD L. HODGE
       UNITED STATES MAGISTRATE JUDGE

asb